UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            CASE NO: 8:09-cv-384-T-23TGW

WILLIAM O'CALLAGHAN, et al.,

    Defendants.
_____/

## **ORDER**

The United States sues under 26 U.S.C. § 7403 to foreclose tax liens on real property owned by the defendant William O'Callaghan. The United States moves (Doc. 50) to strike the pro se defendants' demand (Doc. 49) for a jury trial. Failing to cite any relevant legal authority, the defendants respond (Docs. 54, 55) that denial of a jury trial conflicts with "basic concepts of fairness and justice." However, the defendants identify nothing "unfair" about a trial before a judge without a jury, and the Seventh Amendment provides no right to a jury trial in an action to foreclose a tax lien on real property. See Gefen v. United States, 400 F.2d 476, 477-79 (5th Cir. 1968)[*] ("[F]oreclosure through decree of sale, provided for United States tax liens by I.R.C. § 7403, is sufficiently akin to the historic equity practice to preclude successful contention for a right to jury trial with respect to the ascertainment of the amount of the tax lien as

---

[*] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

against taxpayer's property and enforcement of the lien by sale."), abrogated by United States v. McMahan, 569 F.2d 889 (5th Cir. 1978); see also United States v. Rodgers, 461 U.S. 677, 708 (1983) ("A Section 7403 proceeding is by its nature a proceeding in equity"); FDIC v. New London Enterprises, 619 F.2d 1099, 1103 (5th Cir. 1980) (citing Gefen for the proposition that "there was no right to a trial by jury in a foreclosure pursuant to a United States tax lien"); United States v. Damsky, 289 F.2d 46 (2d Cir. 1961) (holding that a taxpayer enjoys no right to a jury trial in an action to foreclose a federal tax lien on real property). Accordingly, the United States' motion (Doc. 50) to strike is **GRANTED**, and the defendants' demand for a jury trial (Doc. 49) is **STRICKEN**.

ORDERED in Tampa, Florida, on May 14, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE