UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                CASE NO.: 8:09-cv-384-T-23-TGW

WILLIAM O'CALLAGHAN, et al.,

      Defendants.

_____/


## ORDER

The United States sues to foreclose a federal tax lien on the defendants' property and to sell the property in order to use the proceeds to defray the federal income tax liability of the defendant William O'Callaghan (in section I., "O'Callaghan").  A June 3, 2011, order (Doc. 105) adopts a report and recommendation (Doc. 91) and directs both foreclosure of the federal tax lien on the defendants' property and a consequent sale. The order directs that the United States receive the first distribution of the proceeds of the sale and apply those proceeds to William O'Callaghan's foreclosed federal income tax liability for 1981, 1982, and 1983.

The United States moves (Doc. 107) for an order of sale and submits (Doc. 107, Ex. 1) a proposed order of sale.  The defendants respond (Doc. 111) in opposition.

I.

The defendants present fifteen objections the United States' motion and proposed order of sale.  Each objection is meritless.

Several of the defendants' objections attempt to re-litigate the United States' motion for summary judgment.  By claiming that "the tax liability purportedly supporting the tax liens was completely discharged in bankruptcy," (Doc. 111 at 7) the defendants pretend no report and recommendation exists.  See (Doc. 91 at 5) ("O'Callaghan's personal liability for the 1981, 1982, and 1983 tax years was . . . discharged in [a] chapter 7 bankruptcy . . . .  However, as the bankruptcy court confirmed , . . . the pre-petition tax lien on [the property] remains.").  The defendants' assertion that "[t]here is no specified monetary amount of the federal tax lien" (Doc. 111 at 6) similarly ignores the report and recommendation.  See (Doc. 91 at 6) ("[a]s of September 30, 2010, the outstanding income taxes, penalties, and interest for the 1981, 1982, and 1983 tax assessments totaled $2,023,049.10").  In addition, the defendants attempt to re-litigate whether "further proceedings . . . to determine whether third parties are entitled to a share in" a remainder shall occur after the sale of the property.  (Doc. 91 at 37) However, the defendants cite no authority and fail to address why settling the distribution of a hypothetical remainder is necessary when "the lien encumbers one hundred percent of the property," (Doc. 91 at 33) and "the sale of the property indisputably will not satisfy the federal tax lien for the 1981-83 tax years."  (Doc. 91 at 35)

The defendants' unsupported assertion that the order of sale cannot require each resident to avoid waste upon the property and to vacate the property within thirty days is also an attempt to re-litigate the merits of the action.  Because the United States succeeded on the merits, allowing an individual to damage, or to remain on, the

property after the tax lien is ordered foreclosed is allowing an individual to damage or to remain on the United States' property.

Other objections challenge provisions of the order of sale that are discretionary under 28 U.S.C. § 2001, which authorizes the sale of real property "upon such terms and conditions as the court directs." Thus, the defendants' complaint that the proposed order of sale "includes an enumerated list of multiple items and issues that must be litigated and . . . supported in the record of this case or in statute or law" (Doc. 111 at 5) is misguided because the conditions enumerated in the proposed order of sale are "supported in . . . [a] statute." The defendants' assertions that the IRS may not or should not conduct the sale and that a minimum bid requirement is invalid is likewise an attempt to dictate matters that 28 U.S.C. § 2001 leaves to a court's discretion.

The defendants object also that the order granting summary judgment is a final judgment and that the United States' motion for an order of sale therefore violates the temporary stay of a judgment required by Federal Rules of Civil Procedure, Rule 62(a). A "judgment" under Rule 62(a), however, is "a decree and any order from which an appeal lies." 11 Wright & A. Miller, Federal Practice & Procedure § 2901 n.3 (2d ed.) (quoting FED.R.CIV.P. 54(a)). The order granting summary judgment is not a "judgment" under Rule 62(a). The Eleventh Circuit ruled that a nearly identical order is not final:

> [t]he [order] stated that the government could foreclose the [defendants'] house to satisfy the tax assessments, but it did not order the foreclosure or sale of the property . . . . The [defendants] filed a notice of appeal, but we dismissed their appeal for lack of jurisdiction, finding that the district court's order was neither final nor immediately appealable.

U.S. v. Lena, 370 Fed.Appx. 65, 68 (11th Cir. 2010); see also United States v. Simons, 2011 WL 1313954 (10th Cir. 2011).[1]  Consequently, Rule 62(a) is not applicable to the United States' motion for an order of sale.

On the other hand, the defendants object that the order granting summary judgment is not a foreclosure judgment and that no order of sale may issue before a foreclosure judgment. This argument fails because "the issuance of an order for sale is [not] merely a matter of executing the judgment.  An order directing the sale of property is part and parcel of the relief sought in an action under [26 U.S.C.] § 7403." Simons, 2011 WL 1313954 at *3.  An order that both forecloses a lien and orders a sale validly awards a complete remedy.

The defendants' remaining objections are "a hodgepodge of unsupported assertions . . . and legalistic gibberish." U.S. v. Reid, 295 Fed. Appx. 662, 663 (5th Cir. 2008) (quotation omitted).  For instance, renewing another argument from the objections to the report and recommendation, the defendants insist that an order of foreclosure violates the Tenth Amendment because the federal statute authorizing the foreclosure, 26 U.S.C. § 7403, conflicts with Florida law.  (Doc. 111 at 3); see also (Doc. 95 at 5-7) ("[O'Callaghan's] real property [is] protected under the Homestead Exemption of the Florida Constitution[, and] 26 U.S.C. § 7403 . . . violates the Florida Homestead

---

[1] In Simons, the district court "granted the United States' summary-judgment motion and entered a money judgment in favor of the government for the amounts of the [defendants'] unpaid tax assessments." 2011 WL 1313954 at *1.  Simons concludes the district court's order is not final.  2011 WL 1313954 at *3 (quoting Grant v. Phoenix Mut. Life Ins. Co., 106 U.S. 429, 431 (1882) ("a decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but make the sale and pay out the proceeds, is a final decree for the purposes of an appeal")).

Exemption."). Of course, this untenable logic leaves a state free to flout the Supremacy Clause, U.S. CONST. art. VI, cl. 2, by shielding a resident from federal tax law.[2]

Another frivolous objection is that the defendants are entitled to a jury trial because the United States' claim is legal rather than equitable. A suit at law is not presented to a jury if, as in this action, a plaintiff succeeds on a motion for summary judgment. Cf. Pernell v. Southall Realty, 416 U.S. 363, 384 (1974) ("the trial court's power to grant summary judgment where no genuine issues of fact are in dispute provides a substantial bulwark against any possibility that a defendant will demand a jury trial simply as a means of delaying an eviction").

Finally, the defendants brazenly assert that because the order granting the United States' motion for summary judgment does not order the United States to comply with 28 U.S.C. § 2002 when selling the property, the entire order should be "reversed." Section 2002 requires notice of a sale in a local newspaper "once a week for at least four weeks prior to the sale." The United States' proposed order and the order of sale include this requirement[3] – as each must. The United States may not violate the law while selling the property regardless of the content of the order granting summary judgment. In other words, the United States is not authorized to ignore 28 U.S.C. § 2002 merely because the order granting summary judgment omits to mention 28 U.S.C. § 2002; nor may the United States ignore the First Amendment

---

[2] The defendants' claim that Florida law mandates that the order of sale authorize a right of redemption and include a precise time and place of sale fail on the same ground.

[3] The defendants state that the proposed order of sale does not mention 28 U.S.C. § 2002. (Doc. 111 at 9) Not for the first time, the defendants overtly contradict the truth. See (Doc. 107, Ex. 1 at 1) ("the real property . . . [shall] be sold under title 28, United States Code, §§ 2001 and 2002").

merely because the order granting summary judgment omits to mention the First Amendment.

II.

The United States' motion (Doc. 107) for order of sale is **GRANTED**.

Accordingly, it is **ORDERED** that:

1.    The federal tax liens for 1981, 1982, and 1983 on the real property located at 738 Mandalay Avenue, Clearwater, Florida 34630 ("the property"), which is described as:

> Lot 13, Block 12, Mandalay Subdivision, according to plat thereof recorded in Plat Book, 14, Page 32-35 of the Public Records of Pinellas County, Florida,

are foreclosed.  The property shall be sold pursuant to U.S.C. §§ 2001 and 2002 to satisfy the United States' liens.

2.    The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist ("PALS") is authorized to offer the property for public sale.

3.    The following terms and conditions govern the sale of the property.

    a.    The sale of the Property shall be free and clear of the interests of William O'Callaghan, Anna Marques, Private Funding Services Group, Inc., and J.P. Morgan Chase Bank N.A.

    b.    The sale is subject to any law, ordinance, or governmental regulation (including building and zoning ordinances) affecting the premises and any easement or restriction of record.

c.     A sale by public auction shall be held either at the Clearwater

Courthouse or on the property's premises, in accord with the

provisions of 28 U.S.C. §§ 2001 and 2002.

d.     The PALS shall advertise the date and time of sale by publishing a

Notice of Sale once a week for at least four consecutive weeks

before the date fixed for sale. The advertisement shall appear in at

least one newspaper regularly issued and of general circulation in

Pinellas County, Florida. The notice shall describe the property and

each term and condition of sale set forth in this order.

e.     The PALS shall establish the minimum bid. If no bidder meets or

exceeds the minimum bid, the PALS may, without further order of this

court and under the terms and conditions in this order, again offer the

property for public sale and if necessary reduce the minimum bid.

f.     On the date of sale, any successful bidder shall deposit with the

PALS between five (5) and twenty (20) percent of the bid as specified

by the PALS in the Notice of Sale. The deposit shall be paid by cash

or a cashier's check payable to the United States District Court for

the Middle District of Florida. Before bidding at the sale, a potential

bidder must show the PALS proof of the bidder's ability to comply

with this requirement.

g.     Any successful bidder shall pay by cashier's check payable to the

United States District Court for the Middle District of Florida the

balance of the purchase price to the Clerk of this court no later than thirty (30) days after the date of sale. If the bidder fails to fulfill this requirement, the bidder shall forfeit the deposit and the deposit shall be applied to cover any expense of sale. If any amount of the deposit remains after payment of the expenses of sale, the amount remaining shall be applied to the federal tax liabilities of William      O'Callaghan for tax years 1981, 1982, and 1983. The PALS shall again offer the property for sale under the terms and conditions of this order of sale or sell the property to the second highest bidder. The United States may bid as a credit against the United States's judgment without tender of cash.

h.   The sale is subject to confirmation by this court. On confirmation of the sale, the PALS shall execute and deliver the deed conveying the property to the purchaser. On confirmation of the sale, if any party to this action holds or asserts an interest in, lien against, or claim to, the property, the interest, lien, or claim is discharged and extinguished.

i.   The successful bidder shall pay, in addition to the amount of the bid, any documentary stamp or registry fee associated with recording the transfer of title in the county's registry of title.

4.   Until the property is sold, William O'Callaghan shall preserve the property (including any building, improvement, fixture, or appurtenance on the property) and shall neither commit waste nor permit anyone else to commit

waste against the property. William O'Callaghan shall not (1) seek to reduce the value or marketability of the property or (2) engage in conduct that either adversely affects the value of the property or deters a potential bidder from participating in the public auction.

5.      Any person occupying the property shall vacate the property permanently no later than thirty (30) days after entry of this order and shall remove all personal property. If any person fails or refuses to vacate the property by the date specified in this order, the PALS may coordinate with the United States Marshal to eject that person. Any personal property remaining on the property thirty (30) days after entry of this order is forfeited. The PALS may by sale dispose of any forfeited personal property. The PALS shall apply the proceeds of sale to any expense of sale and pay the balance into the court for further distribution.

6.      No later than two (2) business days after vacating the property pursuant to the deadline in this order, William O'Callaghan and Anna Marques shall notify counsel for the United States of a forwarding address by contacting Marion Goyette at (202) 514-6674.

7.      Pending sale of the property and until the deed to the property is delivered to the successful bidder, the IRS may access the premises in order to preserve the property.

8.     After the court confirms the sale, the sale proceeds shall be paid to the

Clerk of this court and applied to each of the following items in the following

order.

a.     To the United States Treasury for any expense of sale, including any

expense incurred to secure or maintain the property pending sale

and confirmation by the court.

b.     To any tax unpaid and matured that is owed to Pinellas County for

any real property tax on the property.

c.     To the liability of William O'Callaghan for federal income taxes for the

1981, 1982, and 1983 tax years.

d.     Any balance remaining after the above payments have been made

shall be held by the Clerk until further order of the court.

The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on June 27, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE